UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J.M., a minor, by and through her parents, J.M. and D.M.,

        Plaintiffs,

   v.

VACAVILLE UNIFIED SCHOOL DISTRICT,

        Defendant.
_____/

NO. CIV. S-07-1071 LKK/GGH

O R D E R

Plaintiff, a minor, brings suit through her parents against defendant, the Vacaville Unified School District ("District"), for injunctive relief. On June 7, 2007, this court issued a preliminary injunction enjoining the District from graduating plaintiff. Pending before the court is defendant's motion to dismiss for lack of subject matter jurisdiction. The court resolves the matter upon the parties' papers and after oral argument. For the reasons set forth below, the motion to dismiss is DENIED.

////

1

**I.   Facts**

Plaintiff is an 18-year-old student currently eligible for special education under the category of specific learning disability. See Compl. ¶ 9. On December 12, 2006, plaintiff filed a complaint with the Special Education Division of the Office of Administrative Hearings ("OAH"), alleging that the District failed to offer her a free appropriate public education ("FAPE") pursuant to the Individuals with Disabilities Education Act ("IDEA") and state law. Pl.'s OAH Due Process Request, Ex. A, Pl.'s Mot. for TRO. On April 30, 2007, plaintiff brought a motion for a stay put order before OAH pursuant to 20 U.S.C. § 1415(j), requesting that plaintiff remain in her present placement pending the completion of the due process hearing procedures. Pl.'s OAH Mot. for Stay Put, Ex. H, Pl.'s Mot. for TRO. OAH denied plaintiff's motion for stay put order on May 11, 2007 because the motion was premature absent written notice from the District that it intended to change her educational placement by graduating her. OAH Denial of Stay Put, Ex. D, Pl.'s Mot. for TRO.

On June 1, 2007, the District informed plaintiff's parents that the District would graduate plaintiff on June 8, 2007. Compl. ¶¶ 45-47. Plaintiff asked OAH for leave to file an amended due process hearing request and for a stay put order on June 4, 2007 based on the District's June 1, 2007 notification that plaintiff would graduate. Pl.'s OAH Mot. for Leave to Amend First Am. Compl. & Mot. for Stay Put, Ex. E & G, Pl.'s Mot. for TRO. OAH indicated to plaintiff that it would not issue a stay put order in time to

prevent the District from graduating plaintiff. Compl. ¶ 54.

Based on this information, plaintiff filed a complaint with this court on June 5, 2007 for injunctive relief to prevent defendant from graduating her, as well as a motion for a temporary restraining order for the same purpose. Compl. ¶ 54. After oral argument on the matter, the court issued a preliminary injunction on June 7, 2007, enjoining the District from graduating plaintiff. J.M. v. Vacaville Unified Sch. Dist., No. 07-CV-1071, slip op. at 2. On June 19, 2007, OAH granted plaintiff's motion to amend the due process complaint and issued a stay put order. See OAH Order Granting Mot. to Amend Compl. & Mot. for Stay Put, Ex. A, Def.'s Mot. to Dismiss. The OAH stay put order states: "Student shall remain in her current educational placement pending a resolution of the complaint." Id. The due process hearing is scheduled for October 15-19 and 22-24, 2007. See OAH Order Setting Due Process Hearing and Pre-hearing Conference, Ex. B, Def.'s Mot. to Dismiss.

## II.

## Analysis

Defendant moves to dismiss on the grounds that plaintiff received the relief she sought in filing her complaint, namely, an injunction preventing the school from changing her special education placement by graduating her. See Compl. ¶¶ 53-55. Defendant's position, however, fails to account for the plain language of the preliminary injunction, which provides that the injunction, "last only so long as necessary for the Office of Administrative Hearings to resolve and dispose of plaintiff's

underlying due process complaint and request for a 'stay put' order." Id.  Although a stay-put order was issued on June 19, 2007, plaintiff's underlying due process complaint has yet to be resolved.  The hearing on plaintiff's due process complaint is scheduled for October 15-19 and 22-24, 2007.  See OAH Order Setting Due Process Hearing and Pre-hearing Conference, Ex. B, Def.'s Mot. to Dismiss.  Once the OAH renders its decision on plaintiff's due process complaint, the preliminary injunction will expire.  Until that point, the preliminary injunction shall remain in effect and accordingly, the court will retain jurisdiction of the case.

The arguments raised in defendant's motion are not necessarily without merit.  Once the preliminary injunction expires, the District may file a renewed motion to dismiss for lack of subject matter jurisdiction or for failure to exhaust administrative remedies.  However, because the hearing on plaintiff's due process claim has yet to occur, and because the injunction has yet to expire, defendant's arguments are premature.

For these reasons, defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED: August 15, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4